# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### SHELDON v. VAN PATTER.

*Appeal from Hardin District Court — Friday, February 23.*

ERROR WITHOUT PREJUDICE: NEW TRIAL.

ACTION in trespass for willfully and unlawfully entering upon plaintiff's land, and cutting and hauling away timber, to his damage $150. Second count for timber cut and hauled by defendant from plaintiff's land of the value of $150. Plaintiff only claims to recover upon one count. Answer, First. In denial. Second. That defendant was a member of the board of supervisors, and plaintiff, being anxious to have a certain bridge built, agreed that he would give certain timber therefor, if the board would appropriate $150 toward the construction of such bridge; that the appropriation was made accordingly, and the defendant entered and took the timber by leave of the plaintiff. Third. That the timber taken was uninclosed and in close proximity to the bridge, and by the leave and authority of the road supervisor, the defendant entered and took the timber and used it in the construction of such bridge without pecuniary advantage to himself, and that plaintiff was entitled to credit therefor on his road tax, and not to an action against defendant therefor.

The cause was tried before a jury, who found a verdict for the defendant. Judgment being entered thereon, the plaintiff appeals.

*Huff & Reed* for the appellant — *Porter & Moir* for the appellee.

COLE, J. — Two errors are assigned. One of them is grounded upon two instructions, which relate to the measure of damages. But, as the jury found that the plaintiff was not entitled to any damages, he could not have been prejudiced by the instructions, even if they gave an erroneous measure as claimed by appellant, to wit: that the plaintiff was entitled, if the jury found for him, to the value of the timber, instead of three times its value.

The other error assigned is, that the verdict is not supported by the evidence. The testimony is in direct conflict. If the jury believed

the testimony of the defendant himself, and one of his witnesses, instead of the plaintiff and his more numerous witnesses, their verdict could be sustained. That they had the right thus to do cannot be denied. In such case we cannot interfere, although, to us, the weight of the testimony, as presented here on the record, may appear to be the other way.

Affirmed.